# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TRAVIS DICKERSON,**

    Plaintiff,

v.                                                                                          Case No. 19-CV-314

**VINCE VARONE AND
BRIAN HAYES,**

    Defendants.

---

## SCREENING ORDER

---

Travis Dickerson, an inmate at the Milwaukee Secure Detention Facility who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. Dickerson has paid the full filing fee. This is now before the court for screening of his complaint.

The court has jurisdiction to screen the complaint in light of Dickerson's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Dickerson alleges that defendants Vince Varone, who is an administrative law judge, and Brian Hayes, who is the administrator of Wisconsin's Division of Hearings and Appeals, took his "extended supervision street time credit" and tried to reopen his criminal case (Case No. 1996-CF-0123) when he already had reached his maximum discharge date on August 26, 2016 and on April 26, 2018. (ECF No. 1 at 2.)

Dickerson states that he is wrongfully convicted and falsely imprisoned because defendant Varone revoked him on December 20, 2018.

Dickerson alleges that he appealed defendant Varone's decision to defendant Hayes who refused to overturn the decision. Dickerson states that he is confined illegally and unlawfully because of Varone and Hayes's decision to take his "street supervision time and giving it back to me in having me sitting on 'dead time' [be]cause my case had discharged on August 26, 2016 & April 26, 2018[.]" (ECF No. 1 at 3.)

Dickerson claims that he is illegally confined beyond the termination of his sentence. He seeks compensatory and punitive damages.

Dickerson correctly cites Eastern District of Wisconsin case law to support his claim that being held beyond the term of one's sentence implicates constitutional rights. However, these claims usually arrive after completion of a sentence and they are usually brought against prison officials, whose job it is to calculate a sentence, not against judges who impose sentences. *See, e.g., Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001); *Russell v. Lazar*, 300 F. Supp. 2d 716 (E.D. Wis. 2004).

In this civil rights case, Dickerson may not proceed on a claim that he is currently illegally confined based on the actions of defendants Varone and Hayes. Judgment in Dickerson's favor on his claim for damages would necessarily imply the invalidity of his conviction or sentence. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In order to receive damages for an unlawful conviction or sentence, he will first need to have the conviction or sentence overturned. *See id.* If Dickerson wants to challenge the validity of his confinement, he may file a petition for a writ of habeas

3

corpus under 28 U.S.C. § 2254 after he exhausts his state court remedies. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006). The court will mail Dickerson a habeas petition and a guide for unrepresented litigants with information about filing a writ of habeas corpus under 28 U.S.C. § 2254 along with this order.

This case is subject to dismissal without prejudice because Dickerson's claim is *Heck*-barred. *See Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). In addition to the *Heck* bar, the defendants are probably protected by absolute judicial immunity. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011).

## ORDER

**THEREFORE, IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court's Office mail Dickerson a 2254 Habeas Corpus Petition and a pro se guide, Habeas Corpus: Answers to State Petitioners' Common Questions.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2019.

**BY THE COURT:**

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge